UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

JOHN RUSSELL,

  Plaintiff,

v.                                No. 4:24-cv-01114-P

AMANDA RICH, ET AL.,

  Defendant.

## ORDER

On June 2, 2025, the United States Magistrate Judge issued Findings, Conclusions, and a Recommendation (FCR) in this case. ECF No. 54. The FCR recommended the Court deny Defendants' Motion to Dismiss, compel Plaintiff's claims to arbitration, and stay the litigation of those claims in the meantime. Plaintiff filed objections to the FCR. ECF Nos. 57 & 61. The Court accordingly conducted a *de novo* review. As detailed below, the Court will **ADOPT** the reasoning in the FCR, **OVERRULE** Plaintiff's Objections, **DENY** Defendants' Motion to Dismiss, **STAY** Plaintiff's claims, and **COMPEL** them to arbitration.

## BACKGROUND

Plaintiff worked for Defendant Richemont North America, Inc. (RNA). Defendant Amanda Rich was his manager. While employed there, he signed a dispute resolution agreement that included an arbitration clause. In 2023, Plaintiff's employment ended; according to him, he was forced to resign "under severe duress." Plaintiff attempted to rescind his resignation, but RNA rejected the rescission. He later signed an Agreement and General Release with RNA. After consulting an attorney, Plaintiff attempted to revoke the release. RNA paid Plaintiff the consideration described in the Release and did not recognize his rescission of the release. Plaintiff sued RNA and Rich, bringing claims under the Family and Medical Leave Act (FMLA) and other claims. Defendants moved to dismiss or compel arbitration.

## LEGAL STANDARD

A Magistrate Judge's findings, conclusions, and recommendations for a dispositive matter are reviewed *de novo* if a party timely objects. FED. R. CIV. P. 72(b)(3). The district court may then accept, reject, or modify the recommendations or findings in whole or in part. *Id.*

## ANALYSIS

### A. Review of Magistrate Judge's Recommendations

Insofar as the Parties did not object to portions of the FCR, the district court reviewed it for plain error. *See Serrano v. Customs and Border Patrol, U.S. Customs and Border Prot.*, 975 F.3d 488, 502 (5th Cir. 2020). Finding none, the Court hereby **ADOPTS** the reasoning of the Magistrate Judge as to the denial of Defendants' Motion to Dismiss and the propriety of staying Plaintiff's claims pending arbitration.

### B. Plaintiff's Objections

Plaintiff raises around ten objections to the FCR. The following objections are new arguments raised for the first time in his objections: (1) the arbitration was not initiated after manager consultation and HR escalation, which were conditions precedent to arbitration; (2) RNA limits participation in arbitration to current RNA employees, of which Plaintiff is not one; (3) RNA constructively discharged Plaintiff, making a purported "condition precedent" impossible; (4) RNA waived arbitration by litigating the merits of the case; (5) RNA provided no fresh consideration in exchange for Plaintiff's agreement to arbitrate, rendering the agreement unenforceable; (6) Plaintiff was fraudulently induced into signing the arbitration agreement; and (7) equitable principles bar enforcement of the arbitration agreement.[1] Those arguments are not properly before the Court. *See Firefighters' Retirement Sys. v. EisnerAmper, LLP*, 898 F.3d 553, 559 (5th Cir. 2018) ("Plaintiffs forfeited their judicial estoppel argument by raising it for the first time in their objection to the magistrate judge's Report and Recommendation"). Those objections are therefore **OVERRULED**.

---

[1]Plaintiff briefed the Magistrate Judge on issues (5) and (6) regarding the Agreement and General Release—but *not* the arbitration agreement.

2

That leaves three objections, of which the Court can make quick work. *First*, Plaintiff objects that a Court must first determine the arbitrability of a dispute. ECF No. 57 at 2. This is a strange objection, considering that the FCR did examine the arbitrability of the disputes and determined they were arbitrable. This objection is **OVERRULED**. *Second*, Plaintiff argues that "even if the internal steps [prior to arbitration] were merely 'recommended,' [RNA's] own conduct . . . made completion impossible." ECF No. 57 at 4. But if the steps were merely recommended, then they were not necessary, and any actions RNA took to make those steps impossible are therefore irrelevant. This objection is **OVERRULED** as well. *Third*, Plaintiff objects that the FCR "does not reflect a meaningful examination" of the alleged flaws in the formation of the contract to arbitrate. ECF No. 61 at 5. The FCR stated that "Plaintiff's arguments are insufficient to show that Plaintiff did not validly, voluntarily, and with informed consent enter into and execute the Dispute Resolution Agreement." ECF No. 54 at 12. While it is true that the Magistrate Judge did not engage in a lengthy discussion of Plaintiff's attacks on the arbitration agreement, those attacks did not warrant a treatise. Defendants provided sufficient evidence to prove the existence of a valid, signed agreement to arbitrate; Plaintiff's attempts to poke holes in that agreement are futile and insincere.[2] Plaintiff is not entitled to a discovery fishing expedition into metadata and system logs in the hope that he might find some way to undermine the arbitration agreement. This final objection is therefore **OVERRULED**.

## CONCLUSION

Having conducted a *de novo* review of the FCR, the Court **ADOPTS** the reasoning in the Magistrate Judge's FCR, **DENIES** the Defendants' Motion to Dismiss, **OVERRULES** Plaintiff's Objections, **COMPELS** Plaintiff's claims to arbitration, and **STAYS** all pending deadlines relating to those claims in the meantime. The Court further **ORDERS** the Parties to file regular reports on the status of arbitration every 90 days, starting **August 21, 2025**.

---

[2] For example, the fact that his printed name was on the line for the date and vice versa is of no consequence. *See* ECF No. 37 at 16.

**SO ORDERED** on this **23rd day of June 2025.**

Mark T. Pittman
UNITED STATES DISTRICT JUDGE

4